UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| OMAR KIRK, Sr. and OMAR KIRK, Jr., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| VS. | ) Civil Action No. SA-07-CA-009-XR |
| | ) |
| RENAL ASSOCIATES, P.A., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

On this date, the Court considered the United States Magistrate Judge's Report and Recommendation, filed June 5, 2007, in the above-numbered and styled cause (Docket No. 26). After careful consideration, the Court WILL NOT ACCEPT the Magistrate Judge's recommendation. The motion to dismiss filed by San Antonio Kidney Disease Center and Partners, San Antonio Kidney Disease Center Physician's Group, P.L.L.C., and Lin Johnson, M.D. (collectively "the Johnson Group") is DENIED (Docket No. 8). The motion to dismiss filed by Renal Associates, P.A. and Iliana Fred-Miranda, M.D. and Partners (collectively "the Fred-Miranda Group") is also DENIED (Docket No. 29). Plaintiffs' motion to appoint counsel is GRANTED (Docket No. 37). Attorney S. Keith Engelke, Esq., whose address is 2313 Lockhill Selma Rd., San Antonio, Texas 78230, whose telephone number is (210) 342-9668, and whose email address is ske@runbox.com is APPOINTED to represent Plaintiffs and shall continue in that capacity pending further Order of this Court. Appointed counsel shall file a written appearance with the Clerk of Court within two weeks of this Order. Plaintiffs' motions to continue, which the Court will construe

as motions to amend the Scheduling Order, are GRANTED (Docket Nos. 37 & 38). The current Scheduling Order is VACATED. After Plaintiffs' appointed attorney makes an appearance in this case, the parties are ORDERED to confer and submit a proposed Scheduling Order, which complies with Local Rule CV-16(c), on or before **September 3, 2007.**

## I. Factual & Procedural Background

Plaintiffs[1] filed their motion to proceed *in forma pauperis* ("IFP") and motion for appointment of counsel on January 5, 2007. The Magistrate Judge granted Plaintiffs' application to proceed IFP on January 12, 2007, but denied Plaintiffs' motion for appointment of counsel. Plaintiffs filed their Complaint on January 12, 2007. In their Complaint, Plaintiffs named the following individuals and entities as Defendants in this cause of action: (1) Renal Associates, P.A.; (2) Iliana Fred-Miranda, M.D. and Partners; (3) San Antonio Kidney Disease Center; and (4) Lin Z. Johnson, M.D. and Partners. As a basis for jurisdiction, Plaintiffs stated (1) "Medicare and Public Funds," (2) "Blackballing or Blacklisting Public Funds and Services," (3) "Americans with Disabilities Act," (4) "Privacy Act and Other Federal Laws."[2]

Plaintiffs allege that Kirk Jr. became extremely ill in February 2006. As a result, Kirk Jr. went to see Dr. Fred-Miranda. Dr. Fred-Miranda referred Kirk Jr. to Northeast Methodist Hospital in San Antonio. However, Plaintiffs preferred to explore other treatment options for Kirk Jr. before having the suggested kidney transplant. A conflict arose between Dr. Fred-Miranda and Plaintiffs regarding treatment in general, and specifically relating to insulin and dialysis that Kirk Jr. required

---

[1] Plaintiffs are Omar Kirk, Jr. ("Kirk Jr."), who was denied dialysis treatment by several health care providers, and Omar Kirk, Sr. ("Kirk Sr."), who is the father and caretaker of Kirk Jr.

[2] Plaintiffs state that this cause of action is "separate from any mal-practice or criminal complaint that may come forth at another time in State Court."

as part of his treatment. As a result of this conflict, Plaintiffs pursued and obtained a second medical opinion from Dr. Lin Johnson.

Following Kirk Jr.'s receipt of the second opinion, Dr. Fred-Miranda refused to continue her professional relationship with him. Plaintiffs allege that Dr. Fred-Miranda also advised her partners not to treat Kirk Jr. Specifically, Plaintiffs state the following in their Complaint:

> It was at this time [after Kirk Jr. was noncompliant] that Dr. [Fred-]Miranda discharged my son as a patient and gave him 30 days notice to find treatment elsewhere. The [sic] Dr. [Fred-]Miranda then contacted the other 21 doctors (partners) in her group and informed us that none of them would treat my son. We called Dr. Johnson and discovered that she and 24 doctors (partners) in her group refused treatment as well. Due to the influence of one Dr. Fred-Miranda, we have been Blackballed or Blacklisted. There are three local clinics where she and Dr. Lin Johnson work, and about forty-five of their partners who have joined together in this Blacklisting. This made us unable to get dialysis for my son anywhere within fifty miles one way of our location.

Complaint, Pg. 3. Kirk Jr. asserts that he suffers from a number of other conditions and is unable to obtain the treatment he requires because of his status as "blacklisted."

In a letter dated September 28, 2006, Dr. Fred-Miranda indicated that neither she nor her partners would continue to treat Kirk Jr. because of what she described as " his unwillingness to follow the prescribed treatment regimen." Specifically, Dr. Fred-Miranda stated that Kirk Jr. was unwilling to follow medical advice, take the prescribed medication, refrain from verbal abuse of his father, and was noncompliant in general. Plaintiffs do not dispute the allegation that Kirk Jr. was noncompliant. Rather, Plaintiffs account for this noncompliance by stating that his disability is the cause of such behavior.[3]

---

[3] Plaintiffs allege that Omar Kirk, Jr. suffers from conditions of Attention Deficit Hyperactivity Disorder ("ADHD"), dyslexia, bipolar syndrome, and diabetes. Plaintiffs contend that Kirk Jr.'s behavior characterized as noncompliant is caused directly by these conditions. Plaintiffs allege that these medical conditions "makes him [Kirk Jr.] non-complaint, sometimes

Plaintiffs contend that Kirk Jr.'s history of noncompliance was made known to other medical service providers from whom he sought treatment. Plaintiffs claim that Dr. Fred-Miranda volunteered this information to the other potential medical treatment providers. Plaintiffs contend that as a result, Kirk Jr. was unable to obtain the treatment necessary for his medical condition. Further, Plaintiffs contend that the refusal of medical treatment to him was based on noncompliance caused by his disability.

Kirk Jr. sought treatment from Northeast Methodist Hospital, Northeast Baptist Hospital, and University Hospital in San Antonio. Kirk Jr. claims that he was denied emergency treatment at these hospitals "because of the Blacklisting of these doctors." However, a letter submitted from Northeast Methodist Hospital, dated December 15, 2006, states that Kirk Jr. did in fact appear and request dialysis, but departed against medical advice upon being informed that dialysis would not be performed until the following day.

On December 13, 2006, Plaintiffs received a letter from University Health System stating that University Hospital was unable to find an out-patient dialysis unit willing to accept Kirk Jr. as an out-patient. The letter further stated the following: "After conversations with you and your father and because of your interest in peritoneal dialysis I contacted the offices of two Nephrologists [kidney doctors] who follow up patients in peritoneal dialysis. Based on your medical history they concluded that you are not a good candidate for peritoneal dialysis. Several other clinics I contacted relate that based on your past history of noncompliance they will not be able to accept you either. . . . You may also consider moving to San Antonio to open up your opportunities to find a clinic to

---

irritable, or 'hard to deal with', and unable to cope with stress for any length of time." Complaint, Pg. 5.

provide you with follow up care." Complaint, Pg. 15.

Kirk Jr. contends that he was refused treatment because of noncompliance caused by his disabilities. Plaintiffs attached evidence to their Complaint indicating that Kirk Jr. receives Medicaid benefits. Plaintiffs allege a violation of the equal protection clause of the Fourteenth Amendment of the United States Constitution. The Magistrate also construed Plaintiffs' complaint as alleging a violation of the Americans with Disabilities Act ("ADA") regarding his treatment in a place (or places) of public accommodation.

On January 24, 2007, the Johnson Group filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs then filed a "Response to Defendant's Answer and Jury Demand," which the Magistrate Judge properly construed as a response to the motion to dismiss. The Fred-Miranda Group had not filed a motion to dismiss before the Magistrate Judge issued his report and recommendation, but the Magistrate Judge considered Plaintiffs' claims in relation to those Defendants because a district court may dismiss a complaint *sua sponte* for failure to state a claim. *See Clay v. Allen*, 242 F.3d 679, 690 (5th Cir. 2001). The Fred-Miranda Group subsequently filed their own motion to dismiss on June 7, 2007.

On June 26, 2007, Plaintiffs filed two motions for continuance and a motion for appointment of counsel. The Magistrate Judge had previously denied Plaintiffs' motion for appointment of counsel because she determined that Kirk Sr. could proceed *pro se.* The second motion for appointment of counsel argues that both Plaintiffs' disabilities and the complexity of the legal issues justify the appointment of counsel in this case. Plaintiffs request a sixty day continuance of the Scheduling Order deadlines if the Court grants the motion for appointment of counsel.

## II. Magistrate Judge's Report and Recommendation

The Magistrate Judge considered the facts alleged by all parties. After reviewing the record, it was the recommendation of the Magistrate Judge that Defendant's motion to dismiss for failure to state a claim should be granted, and further that the claims against the Fred-Miranda Group also be dismissed without prejudice.

The Magistrate Judge concluded that Plaintiffs have not alleged a viable equal protection claim because a private medical provider is not a state actor, and cannot be considered as such solely because it receives Medicare and Medicaid funs and is subject to state regulation. *Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993). Regarding Plaintiffs' ADA claim, the Magistrate Judge concluded that "[n]oncompliance does not constitute a 'disability' within the meaning of the ADA."

## III. Standard of Review

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss for failure to state a claim upon which relief may be granted. The complaint must be liberally construed in favor of the plaintiff, all reasonable inferences are to be drawn in favor of plaintiff's claims, and all factual allegations plead in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003). "To avoid dismissal for failure to state a claim, however, a plaintiff must plead specific facts, not mere conclusory allegations." *Tuchman v. DSC Commc'n Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

It is well-established that "pro se complaints are held to less stringent standards than formal

pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981). However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent the granting of a dispositive motion. *S. Christian Leadership Conference v. Supreme Court of State of La.*, 252 F.3d 781, 786 (5th Cir.2001).

## IV. Legal Analysis

Plaintiffs object to the report and recommendation and argue that they did state a claim upon which relief can be granted. Because Petitioners filed objections, the Court will conduct a *de novo* review of the report and recommendations of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made"). Plaintiffs contend that Kirk Jr. was discriminated against in a place of public accommodation, or at a minimum, reasonable accommodations that were required to be made in response to Kirk Jr.'s disability were not made.

**A.     Plaintiffs have not alleged a viable section 1983 equal protection claim because Defendants are not state actors.**

The Court concurs in the Magistrate Judge's conclusion that a private medical provider is not a state actor, and cannot be considered as such solely because it receives Medicare and Medicaid funds and is subject to state regulation. *Wheat v. Mass*, 994 F.2d 273, 275-76 (5th Cir. 1993). The motion to dismiss the section 1983 equal protection claim is GRANTED.

**B.     Plaintiffs have alleged a viable ADA claim regarding Kirk Jr.**

Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals. *P.G.A. Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). In studying the need for such

legislation, Congress found that "historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem." 42 U.S.C. § 12101(a)(2); *see* § 12101(a)(3) ("[D]iscrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services"). Congress noted that the many forms such discrimination takes include "outright intentional exclusion" as well as the "failure to make modifications to existing facilities and practices." *Id.* at § 12101(a)(5). After thoroughly investigating the problem, Congress concluded that there was a "compelling need" for a "clear and comprehensive national mandate" to eliminate discrimination against disabled individuals, and to integrate them "into the economic and social mainstream of American life." S. Rep. No. 101-116, p. 20 (1989); H.R. Rep. No. 101-485, pt. 2, p. 50 (1990), U.S. Code Cong. & Admin. News 1990, pt. 2, pp. 303, 332.  To effectuate its sweeping purpose, the ADA forbids discrimination against disabled individuals in major areas of public life, among them employment (Title I of the Act),[4] public services (Title II),[5] and public accommodations (Title III).[6] *P.G.A. Tour*, 532 U.S. at 675.

>Title III of the ADA prescribes, as a "[g]eneral rule":

>No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns,

---

[4] 42 U.S.C. §§ 12111-12117.

[5] 42 U.S.C. §§ 12131-12165.

[6] 42 U.S.C. §§ 12181-12189.

leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). The term "public accommodation" is defined to include the "professional office of a health care provider." 42 U.S.C. § 12181(7)(F). The term "disability" means, with respect to an individual, (1) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) a record of such an impairment; or (3) being regarded as having such an impairment. 42 U.S.C. § 12102(2). The term "discrimination" is defined by Title III to include "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii). For purposes of Title III, "discrimination" is also defined to include (1) "the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability" and (2) "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." *Id.* at §§ 12182(b)(2)(A)(i), (iii). Unlike Title I of the ADA, Title III of the ADA does not require exhaustion of state or federal administrative remedies. *Wyatt v. Liljenquist*, 96 F. Supp.2d 1062, 1064 (C.D. Cal. 2000); *Moyer v. Showboat Casino Hotel, Atlantic City*, 56 F. Supp.2d 498, 501 (D. N.J. 1999).

The Court disagrees with the Magistrate Judge's recommendation regarding the ADA claim.

Plaintiffs allege that Kirk Jr.'s noncompliance was caused by his disabilities. The Court concludes that Plaintiffs have stated a viable ADA claim against Defendants. *See* 42 U.S.C. § 12188(a)(1); 42 U.S.C. § 2000a-3(a) (authorizing private right of action for violation of Title III of the ADA); *see* 42 U.S.C. § 12188(b)(2) (discussing remedies available). When the facts are taken in the light most favorable to Plaintiffs, Kirk Jr.'s specific disabilities could provide a sufficient basis for the ADA claim. Among other conditions, Kirk Jr. alleges that he suffers from bipolar disorder. While this condition is not necessarily a disability within the meaning of the ADA, it might be depending on the circumstances. *Krause v. Merck-Medco RX Serv. of Texas*, No. 99-10286, 1999 WL 824536, *2 n.7 (5th Cir. Oct. 5, 1999). Because Plaintiffs have alleged the existence of bipolar disorder, it must be accepted as true for purposes of the motion to dismiss. Kirk Jr. also alleges that he suffers from ADHD, dyslexia, and diabetes. The Magistrate Judge recognized that Plaintiff alleged that these medical conditions, either alone or in combination, caused Kirk Jr. to be noncompliant; however, the Magistrate Judge then determined that Plaintiffs have only alleged "noncompliance," which is not a disability within the meaning of the ADA.

Importantly, Defendants' motions to dismiss did not cite to any legal authority, which is a violation of Local Rule CV-7(c) ("The specific legal authorities supporting any motion shall be cited . . . ."). The two-page motion to dismiss filed by the Johnson Group did not discuss the ADA claim; it merely requested that the Court dismiss the case with prejudice. The three-page motion to dismiss filed by the Fred-Miranda Group states that "[t]he ADA does not require a physician to continue treating a patient who will not accept and follow medical advice, regardless of the reason for such refusal." Motion to Dismiss, Docket No. 29, ¶ 4. Procedurally, the only motions currently pending before the Court are motions to dismiss, which are disfavored and rarely granted. *Beanal v. Freeport-*

*McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999).  The issue is not whether Plaintiffs will prevail but whether Plaintiffs are entitled to pursue their complaint and offer evidence in support of their claims.  *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).  The Court may not look beyond the pleadings in ruling on these motions to dismiss.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  The Fred-Miranda Group may be correct, but their argument is more appropriately brought in a motion for summary judgment, after evidence has been developed that sheds light on what course of treatment was provided by Defendants to Kirk Jr., how noncompliant was Kirk Jr., and what accommodations, if any, were provided.  At this stage in the litigation, the Court is unwilling to address the merits of this argument without further briefing from the parties concerning the viability of Plaintiffs' claim under Title III of the ADA.  Consequently, the pending motions to dismiss are DENIED (Docket Nos. 8 & 29).

**C.    Plaintiffs' motion for appointment of counsel is GRANTED, and Plaintiffs' motions for continuance, which the Court will construe as motions to modify the Scheduling Order, are GRANTED.**

Title III of the ADA gives the district court discretion to appoint an attorney for Plaintiffs. *See* 28 C.F.R. § 36.501(a) ("Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the civil action without the payment of fees, costs, or security").  Plaintiffs' motion for appointment of counsel is GRANTED (Docket No. 37).   It ORDERED that:

1. Attorney S. Keith Engelke, Esq., whose address is 2313 Lockhill Selma Rd., San Antonio, Texas 78230, whose telephone number is (210) 342-9668, and whose email address is ske@runbox.com  is APPOINTED to  represent Plaintiffs and shall continue in that capacity pending further Order of this Court.  Appointed counsel shall file a written appearance with the Clerk of Court within two weeks of this Order.

2. Pursuant to the Western District's Amended Plan for the Reimbursement of Attorney

>   Expenses in Civil Cases ("the Plan"), Plaintiffs' counsel may apply for reimbursement of certain costs up to $1,500. If Plaintiffs do not prevail in this action and the Plan does not fully reimburse appointed counsel for costs incurred, then Plaintiffs shall reimburse appointed counsel for costs of court pursuant to 28 U.S.C. § 1920 after entry of judgment.

3.  Plaintiffs are advised that appointed counsel is not required accept collect telephone calls from Plaintiffs or those acting on Plaintiffs' behalf. Plaintiffs are also required to keep counsel advised as to any change in Plaintiffs' mailing address or telephone number.

4.  Plaintiffs are advised that henceforth, any document submitted for filing on Plaintiffs' behalf must bear the original signature of Plaintiffs' counsel of record and that Plaintiffs may no longer submit any pleading, motion, or other document for filing in this cause unless same bears the original signature of his counsel of record.

5.  The Office of the Clerk of Court shall make available to Plaintiffs' counsel of record copies of any and all pleadings, motions, or other documents filed in this cause.

6.  Attorney Engelke is advised of the following contact information for Plaintiffs: Omar Kirk, Sr. and Omar Kirk, Jr., 1149 Piper Rd.; New Braunfels, TX 78130.

Plaintiffs' motions to continue, which the Court will construe as motions to amend the Scheduling Order, are GRANTED (Docket Nos. 37 & 38). The current Scheduling Order is VACATED. After Plaintiffs' appointed attorney makes an appearance in this case, the parties are ORDERED to confer and submit a proposed scheduling Order, which complies with Local Rule CV-16(c), on or before **September 3, 2007.**

**D.  All other claims asserted by Plaintiffs are DISMISSED for failure to state a claim upon which relief may be granted.**

To the extent that Plaintiffs have alleged claims other than the section 1983 equal protection claim and the ADA claim, those claims are dismissed for failure to state a claim upon which relief may be granted. The only claim remaining pending in this case is the ADA claim against Defendants. Once appointed counsel has reviewed the file, Plaintiffs' counsel should consider amending the Complaint. Specifically, the Court is uncertain as to Kirk Jr.'s age. If Kirk Sr. is

bringing this suit as next friend, the Amended Complaint should make that clear.  Otherwise, the Court is uncertain what injury Kirk Sr. has suffered that allows him to recover under the ADA.

Plaintiffs have requested one hundred million dollars in damages for this alleged ADA violation.  Complaint, Pg. 5.  In considering whether to amend the Complaint, Plaintiffs' counsel should evaluate whether monetary damages are available under Title III of the ADA.  28 C.F.R. § 36.501; *Newman v. Piggie Park Enters.*, 390 U.S. 400, 401-02 (1968); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Poe v. Oxford Printwear*, No. 3:06CV142-B-A, 2007 WL 184639, *2 (N.D. Miss. Jan. 19, 2007); *see also* 42 U.S.C. § 12205 (attorney's fees).

It is so ORDERED.

SIGNED this 16th day of July, 2007.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE